UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 11-21791-CV-UNGARO

MILTON ESCOBAL,

    Plaintiff,

v.

CELEBRATION CRUISE OPERATOR, INC.,
CELEBRATION CRUISE LINE, LLC.,

    Defendants.

_____

## ORDER ON MOTIONS

THIS CAUSE is before the Court upon Plaintiff's Motion to Remand and for Attorney's Fees and Costs (D.E. 7) and upon Defendant's Motion to Dismiss and Compel Arbitration (D.E. 3). The Motions are fully briefed and are ripe for review.

THE COURT has considered the Motions and pertinent portions of the record, and is otherwise fully advised of the premises.

## BACKGROUND

On April 5, 2011, Plaintiff filed his three-count Complaint against Defendants in the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida. (D.E. 1-4.) Plaintiff, a seaman, alleges his employer, Defendant Celebration Cruise Operator, Inc. (CCO), and the charterer of the vessel on which he worked, Defendant Celebration Cruise Lines, Inc. (CCL), failed to provide a safe work environment and to maintain the vessel in a seaworthy condition. *Id.* As a result of such conditions, Plaintiff alleges that he sustained a back injury; Plaintiff seeks

1

damages under the Jones Act against CCO (Count I) and for unseaworthiness against both CCO and CCL (Count II and Count III, respectively).

On May 17, 2011, Defendants removed the action to this Court pursuant to the removal provision of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), 9 U.S.C. § 202.  (D.E. 1.)  Defendants argue that Plaintiff's claims are governed by an arbitration agreement contained in his employment contract and moves to compel arbitration.  The contract states in pertinent part:

> **16.** This agreement is to be governed by the laws of the vessel's flag state, currently, the Bahamas.  The courts of the vessel's flag state, currently the Bahamas, shall have exclusive jurisdiction over all matters or disputes arising from or relating to this agreement, and my employment or service aboard the vessel, including claims for breach of contract, personal injuries, wrongful death, torts, wages and employment benefits against the vessel, hew owners, operator, managers, agents, servants or employees....  The parties further acknowledge and agree that any and all disputes arising out of or in connection with this agreement, including any questions as to its existence, validity or termination, or my service aboard the vessel, shall be referred to and finally resolved by arbitration pursuant to the Rules of the International Chamber of Commerce ..., which rules are deemed to be incorporated by reference into this clause....  The place of arbitration shall be London, England; Nassau, Bahamas; or Manila, Philippines, which ever is closer to my home.  I acknowledge and agree that any and all claims against my employer, the vessel owner, and/or operator must be arbitrated in the designated jurisdiction, to the exclusion of all other jurisdictions....

(D.E. 1-3.)

Plaintiff opposes Defendants' Motion to Compel Arbitration, moves to remand the action to state court, and moves for attorney's fees and costs incurred as a result of Defendants' removal.  Plaintiff's arguments in support of both his Motion to Remand and his opposition to Defendants' Motion to Compel are the same; Plaintiff argues the arbitration agreement is permissive rather than mandatory and is also unenforceable for a

variety of policy-based reasons.

## DISCUSSION

Courts presented with motions to compel arbitration under the Convention and its implementing legislation must conduct a "very limited inquiry." *Bautista v. Star Cruises*, 396 F.3d 1289, 1294-95 (11th Cir. 2005). Courts must consider whether the four following jurisdictional prerequisites are met: (1) there is an agreement in writing to arbitrate the dispute; (2) the agreement provides for arbitration in the territory of a signatory of the Convention; (3) the agreement arises out of a legal relationship, whether contractual or not, that is considered commercial; and (4) one party to an agreement is not United States citizen, *or* the commercial relationship at issue has some relation with a foreign state." *Thomas*, 573 F.3d at 1117 (citing *Bautista*, 396 F.3d at 1294). If these prerequisites are met, then the Court should compel arbitration unless one of the Convention's specific affirmative defenses applies.

**A. Jurisdictional Prerequisites**

Plaintiff's chief contention concerns the first prerequisite; Plaintiff argues that his employment contract does not contain an agreement requiring that this claim be submitted to arbitration. Specifically, Plaintiff argues that, because Paragraph 16 of the contract also includes a forum selection clause, the subsequent arbitration agreement is merely permissive or voluntary and Defendants, therefore, cannot compel Plaintiff to submit his claims to arbitration. The Court disagrees.

To satisfy the first prerequisite, the party seeking arbitration must provide "an agreement in writing" in which in which the parties undertake to submit the dispute to

arbitration.  Convention, art. II(1); *see also Bautista*, 396 F.3d at 1300.  Agreements in writing include "an arbitral clause in a contract or an arbitration agreement, signed by the parties or contained in an exchange of letters or telegrams."  Convention, art. II(2).  Moreover, consistent with the strong federal policy in favor of arbitration, any doubts concerning the scope of arbitrable issues, including doubts arising from the construction of the contract language, should be resolved in favor of arbitration.  *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983).

      Plaintiff's employment contract clearly includes a written agreement, by which Plaintiff agrees to submit to arbitration "any and all disputes arising out of or in connection with this agreement, including any questions as to its existence, validity or termination, or my service aboard the vessel."  (D.E. 1-3 ¶ 16.)   The forum selection clause, providing that Bahamian courts shall have exclusive jurisdiction over disputes arising from the agreement, does not invalidate the arbitration agreement or render it merely permissive.  Reading the clauses together, the forum selection clause is complementary to the arbitration agreement; the forum selection clause requires the parties to litigate in Bahamian courts those disputes not subject to arbitration, such as an action to enforce an arbitration award.  *See Bank Julius Baer & Co., Ltd. v. Waxfield, Ltd.*, 424 F.3d 278, 284–85 (2d Cir. 2005) (holding that arbitration obligation and exclusive forum selection clause were complementary and not inconsistent); *Personal Sec. & Safety Sys., Inc. v. Motorola, Inc.* 297 F.3d 388, 395–96 (5th Cir. 2002) (same). Plaintiff's attempt to avoid arbitration on this basis, is, thus, unavailing.

      Plaintiff next argues that CCL may not compel his compliance with the arbitration

agreement because CCL was not a signatory to the agreement.  As a general principle, only a signatory to an arbitration agreement will be bound by its terms; notwithstanding this general provision, the Court of Appeals for the Eleventh Circuit has recognized that there are certain limited exceptions, such as equitable estoppel, that allow nonsignatories to a contract to compel arbitration.  *MS Dealer Serv. Corp. v. Franklin*, 177 F.3d 942, 947 (11th Cir. 1999); *Sunkist Soft Drinks, Inc. v. Sunkist Growers, Inc.*, 10 F.3d 753, 758 (11th Cir. 1993).  Equitable estoppel is warranted when a signatory to the contract containing the arbitration agreement raises allegations of substantially intertwined and concerted misconduct by both the nonsignatory and one or more of the signatories to the contract.  *MS Dealer*, 177 F.3d at 947.

In the present case, Plaintiff's claim against CCL is inextricably intertwined with his claims against CCO.  His claims against both Defendants rely on a single set of factual allegations; indeed in the factual allegations common to Plaintiff's claims against both Defendants, Plaintiff makes various allegations regarding "Defendant" without specifying to which Defendant he refers.  (*See* D.E. 1-4 ¶¶ 2(a)–(c), 8.)  Moreover, Plaintiff alleges that CCO was the owner and CCL was the charterer of the vessel on which he worked, each of which had a non-delegable duty to provide Plaintiff with a seaworthy vehicle.  (D.E. 1-4 ¶¶ 4, 6, 30, 35.)  Due to the inherently inseparable nature of the claims Plaintiff brings against CCO and CCL as well as the integral relationship alleged between the Defendants, Plaintiff is equitably estopped from avoiding arbitration with CCL.  *See MS Dealer*, 177 F.3d at 948; *Sunkist*, 10 F.3d at 758.

**B. Affirmative Defenses**

Plaintiff also raises several policy arguments as to why the arbitration agreement should not be enforced.  Article V of the Convention provides for specific affirmative defenses, one of which is that the arbitration provision is unenforceable because it violates public policy.

Plaintiff first contends that the arbitration agreement should not be enforced because, for the reasons articulated in *Thomas*, 573 F.3d 1113 (11th Cir. 2009), the instant agreement deprives Plaintiff of his statutory remedies under the Jones Act.  In *Thomas*, the Eleventh Circuit held that an arbitration clause contained in a seafarer's agreement was void as against public policy because the choice-of-law and choice-of-forum clauses worked in tandem to operate as a prospective waiver of the seaman's right to pursue his *statutory* remedies under U.S. law.  573 F.3d at 1123-24.  In so holding, the Eleventh Circuit stated that arbitration clauses should only be upheld if it is evident that (1) U.S. law will definitely be applied, or (2) there is a possibility that U.S. law will be applied *and* there will be a subsequent opportunity for review.  *Id.* at 1123 (relying on *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614 (1985), and *Vimar Seguros y Reaseguros v. M/V Sky Reefer*, 515 U.S. 528 (1995)).

The arbitration clause in *Thomas* is comparable to the one at issue here.  As in *Thomas*, there is no dispute that *only* foreign law will be applied at arbitration; under the terms of the contract, Plaintiff must arbitrate in either England, the Bahamas, or the Philippines, and under Bahamian law.  (*See* D.E. 1-3 ¶ 16.)  Thus, like in *Thomas* the arbitration and choice of law provision work  in tandem to prevent Plaintiff from pursuing his statutory Jones Act claim (Counts I).

6

But unlike in *Thomas*, Defendant CCO has agreed to waive its contractual right to the application of foreign law in deference to Plaintiff's statutory Jones Act claim[1]; CCO agrees "to the application of United States law to any and all United States statutory claims asserted by Plaintiff ... in the Bahamian arbitration if Plaintiff so requests." (D.E. 3, p. 14.) Thus, this case is distinguishable from *Thomas* and this Court's prior decision in *Meleskevics v. Carnival Corporation*, 10-CV-20588, D.E. 13 (S.D. Fla. June 22, 2010).

Further, the Court rejects Plaintiff's argument that the arbitration provision should be deemed unenforceable because there is a disparity in the parties' bargaining power. The Eleventh Circuit and other district courts have rejected similar unequal bargaining power arguments on the basis that plaintiffs failed to establish that such an affirmative defense exists under the Convention. *Bautista*, 396 F.3d at 1303 (compelling arbitration despite argument that plaintiffs were put in a difficult "take it or leave it" situations when presented with the terms of employment); *Krstic v. Princess Cruise Lines, Ltd.*, 706 F. Supp. 2d 1271 (S.D. Fla. Mar. 25, 2010). So too here, Plaintiff fails to persuade the undersigned that unequal bargaining power makes for a defense under the Convention. Indeed, cases involving similar facts have rejected unequal bargaining power as a defense under the Convention, regardless of the UNIDROIT Principles that Plaintiff offers as a model for asserting such a defense. *See Krstic,* 706 F. Supp. 2d at 1277–78; *Koda v. Carnival Corp.*, Case No. 06-CV-21088 (S.D. Fla. Sept. 7, 2007) (declining to adopt UNIDROIT's definition of unequal bargaining power and compelling arbitration under

---

[1] As noted, Plaintiff brings a Jones Act claim against CCO only.

the principles of *Bautista*).

Plaintiff next contends that, despite Defendants' waiver of the choice-of-law provision, the arbitration clause should not be enforced because Defendants "explicitly do not purport to stipulate to apply U.S. general maritime law to any general maritime claim for maintenance and cure (M&C)."  (D.E. 6, p. 20.)  This omission, Plaintiff argues, would preclude the award of punitive damages on a maintenance and cure claim.  *Id.*  The Court need not address the merits of this argument, as Plaintiff has not brought a maintenance and cure claim against either Defendant.  (*See* D.E. 1-4.)

Finally, Plaintiff's contention that "arbitration would be prohibitively expensive" is, likewise, unavailing.  Plaintiff fails to explain how the costs to travel from Peru to the Bahamas for arbitration will exceed those for travel from Peru to Miami for litigation.  Moreover, the Court is not convinced that Plaintiff's bare assertion that any arbitration costs would be prohibitively expensive operates to defeat an otherwise enforceable arbitration agreement.  *See Green Tree Financial Corp.–Alabama v. Randolph*, 531 U.S. 79, 90 (2000) ("To invalidate the agreement on that basis would undermine the liberal federal policy favoring arbitration agreements.")

**CONCLUSION**

For the reasons states above, it is

ORDERED AND ADJUDGED that Plaintiff's Motion to Remand and for Attorney's Fees (D.E. 7) is DENIED.  It is further

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss and Compel Arbitration (D.E. 3) is GRANTED.  Plaintiff SHALL seek to arbitrate his claims in the

Bahamas.  Defendant CCO SHALL make clear at arbitration that it has waived its contractual right to the application of non-U.S. law to Plaintiff's statutory claim and shall urge the application of U.S. law to this claim.  If, notwithstanding the above, the arbitrator refuses to apply U.S. law to the statutory claim, Plaintiff may file a motion to vacate this order compelling arbitration.

DONE AND ORDERED in Miami, Florida this 23d day of June, 2011.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
counsel of record